**In re Linda Sue POWELL, Relator.**

**No. 2–02–175–CV.**

Court of Appeals of Texas,
Fort Worth.

July 1, 2002.

Brad Lamorgese, Holmes, Woods & Diggs, McKinney, for relator.

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

### OPINION

JOHN CAYCE, Chief Justice.

Relator seeks mandamus relief from a trial court order denying her petition to transfer a suit affecting the parent-child relationship from Tarrant County to Collin County. We requested a response from real party in interest, but no response has been filed. We will conditionally grant mandamus relief.

### FACTS

Relator (Mother) sued real party in interest (Father) for divorce in Tarrant County, Texas. While the divorce proceeding was pending, Mother and the two minor children of the marriage moved to Collin County, Texas.

The trial court signed the final decree of divorce on January 18, 2002. In the decree, the trial court appointed the parents joint managing conservators, but gave Mother the right to establish the children's primary residence. The trial court also

restricted the geographical area for the children's primary residence to "Tarrant, Dallas, and all contiguous counties."

On March 6, 2002, Mother filed a petition to modify the parent-child relationship and a motion to transfer the suit from Tarrant County to Collin County because the children had resided in Collin County for at least six-months. In her affidavit supporting the motion to transfer, Mother states that she and the children moved to Collin County on August 1, 2001 and have continuously resided there since. Thus, the children had resided in Collin County for more than six months at the time Mother filed the motion to transfer.

In his affidavit controverting the motion to transfer, Father argues that the six-month residency period does not begin to run until the divorce decree becomes final, which he claims is thirty days after the decree is signed. Therefore, Father argues Mother cannot meet the six-month residency requirement necessary for a transfer until August 24, 2002.

In her supplemental report, the associate judge found that the decree required the children's residence to be in Tarrant and contiguous counties and that there had been no supplemental order changing the geographical limitation. Collin County is contiguous to Dallas County, but not to Tarrant County. The trial court denied the motion to transfer. In its order, the trial court states that it "finds that the 'Final Decree of Divorce' ... required the residence of the children to be Tarrant and contiguous counties and that no order has been signed or rendered changing that requirement." Mother seeks mandamus relief from this order denying her motion to transfer.

## DISCUSSION

■■■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

■■■ The transfer of a suit affecting the parent-child relationship to a county where the child has lived for six months or more is mandatory under family code section 155.201:

(b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM.CODE ANN. § 155.201(b) (Vernon 1996). Thus, the trial court has no discretion but to transfer if the child has resided in another county for six months or more. If the court of continuing jurisdiction refuses to adhere to this mandate, remedy by direct appeal is inadequate to protect the rights of parents and children from a trial or hearing in an improper venue. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig.proceeding); *In re Sanchez*, 1 S.W.3d 912, 914 (Tex.App.-Waco 1999, orig. proceeding).

■ In a case directly on point, the Texas Supreme Court held that the six-month residency period begins to run when the child's actual residency in a different county begins, even if the divorce decree is signed after the child begins residing in a different county. *Tippy v. Walker*, 865 S.W.2d 928, 929 (Tex.1993) (orig.proceeding) (construing prior version of section 155.201). Mother's affidavit established that the children began residing in Collin County on August 1, 2002. Thus, they would have resided in Collin County for seven months on March 1, 2002. Mother filed her motion to transfer on March 6. The trial court had no discretion but to transfer the motion to modify the parent-child relationship to Collin County.

The divorce decree also unambiguously defines the geographical area of the children's residence as restricted to Tarrant, Dallas, and any contiguous counties. The trial court's finding that the children's residence is limited to Tarrant and contiguous counties contradicts the decree's plain language.

## CONCLUSION

The trial court had a mandatory duty to transfer this suit affecting the parent-child relationship to Collin County because the children had resided in Collin County for six months; therefore, it abused its discretion by denying the motion to transfer. Because Mother does not have an adequate remedy by appeal, we conditionally grant mandamus relief. We trust that the trial court will vacate its order denying the motion to transfer and transfer this suit to Collin County. The writ will issue only if it fails to do so.