In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00084-CV

                                                ______________________________

 

 

 

                                                        IN
RE:  CANDI COOPER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                    Opinion
by Chief Justice Morriss

                                                                              

                                                                              








                                                                   O P I N I O N

 

            Z.B.J.’s parents, Candace Joy Cooper
and David Johnston, were divorced in 2007 and appointed joint managing
conservators of their child.  The divorce
decree specified that Z.B.J.’s residence would be Upshur County or a contiguous
county.  Later, Cooper and Johnston
agreed that Johnston would obtain a modification of the decree to allow Cooper
to move to Travis County with Z.B.J. 
Cooper paid Johnston $100.00 as her part of the expected expense
Johnston would incur in getting the modified decree.  Contrary to the parents’ agreement, Johnston
failed to get the decree modified. 
Ignorant of this failure, Cooper moved to Travis County with Z.B.J.

            Some eighteen months after the move,
Johnston filed, in Upshur County, a motion to modify the conservatorship of
Z.B.J. and an application for “temporary ex parte relief,” alleging the use of
marihuana by Cooper’s current husband endangered Z.B.J.[1]  Cooper filed a motion to transfer venue to
Travis County under Section 155.201 of the Texas Family Code, which provides
for mandatory transfer of venue “if the child has resided in the other county
for six months or longer.”  See Tex.
Fam. Code Ann. § 155.201 (Vernon 2008). 
On April 14, 2010, the Honorable Paul Banner, sitting for the 115th Judicial
District Court of Upshur County, Texas, heard and denied the motion to transfer
venue.  

            Cooper has filed a petition for writ
of mandamus[2]
asking this Court to order the trial court to grant her motion to transfer
venue of Johnston’s suit.  Johnston, the
real party in interest, has filed a motion for sanctions.  The decision on the motion for sanctions was
ordered carried with the case for disposition with the petition for writ of
mandamus.

            We grant Cooper’s petition because,
without a final judgment in Johnston’s suit, (1) Cooper does not have an
adequate remedy by appeal, and (2) venue transfer is mandatory.  We decline to assess sanctions against
Cooper.

(1)        Cooper Does Not Have an Adequate Remedy
by Appeal

            A preliminary issue which must be
addressed is whether Cooper has an adequate remedy by appeal.  Mandamus issues only when the mandamus record
establishes (1) a clear abuse of discretion or the violation of a duty imposed
by law, and (2) the absence of a clear and adequate remedy at law.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992); see In re Columbia Med. Ctr.
of Las Colinas Subsidiary, L.P., 290 S.W.3d 204, 207 (Tex. 2009) (orig.
proceeding).  The Texas Supreme Court has
adopted a balancing test to determine whether a party has an adequate remedy by
appeal.  See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex.
2004) (orig. proceeding); see In re AIU
Ins. Co., 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding).

            Johnston has informed this Court
that the trial in the trial court has been concluded and has provided this Court
with a copy of the verdict form signed by the jury.  Cooper did not request that this Court stay
any proceedings in the trial court.  The
copy of the court’s charge provided this Court with notice that the trial has
already been concluded and we requested, sua sponte, that the district clerk
provide a supplemental record of the final judgment.  We were informed by the district clerk that
no final judgment has been signed.  We
have yet to receive notice that a final judgment has been signed.

            If the final judgment had been
signed, Cooper would have an available remedy by direct appeal.  See
Tex. Fam. Code Ann. § 109.002
(Vernon 2008); see, e.g., In re S.G.S.,
53 S.W.3d 848, 852 (Tex. App.—Fort Worth 2001, no pet.).  The final judgment, though, has not yet been
signed, as far as we can determine at this time, and Cooper does not have a
remedy by direct appeal until the final judgment has been signed.  See Tex. Fam. Code Ann. §§ 109.002,
155.201 (Vernon 2008), § 155.204(h) (Vernon Supp. 2009) (interlocutory appeal
not available for denial of motion for mandatory transfer); see also Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001) (party may normally appeal only from final orders
or judgments).  Mandamus is an available
remedy when a trial court fails to grant a motion to transfer venue under
Section 155.201 of the Texas Family Code. 
In re Kerst, 237 S.W.3d 441,
442–43 (Tex. App.—Texarkana 2007, orig. proceeding); In re Compton, 185 S.W.3d 526, 530 (Tex. App.—Houston [14th Dist.]
2006, orig. proceeding).  We conclude
Cooper does not have an adequate remedy by appeal under the facts contained in
the record before us.

(2)        Venue Transfer Is Mandatory

            Cooper claims that the venue
transfer was mandatory once she had shown that the child had resided in another
county for six months or longer.  The
trial court concluded that Cooper’s act of moving the child to Travis County
violated the geographical restriction in the divorce decree.

            If a child has resided in another
county for more than six months, the Texas Family Code requires that a SAPCR be
transferred to the county of the child’s residence.  Section 155.201 of the Texas Family Code
provides as follows:

            (a)        On
the filing of a motion showing that a suit for dissolution of the marriage of
the child’s parents has been filed in another court and requesting a transfer
to that court, the court having continuing, exclusive jurisdiction of a suit
affecting the parent-child relationship shall, within the time required by
Section 155.204, transfer the proceedings to the court in which the dissolution
of the marriage is pending.  The motion
must comply with the requirements of Section 155.204(a).

 

            (b)        If
a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party
the court shall, within the time required by Section 155.204, transfer the
proceeding to another county in this state if the child has resided in the
other county for six months or longer.

 

            (c)        If
a suit to modify or a motion to enforce an order is pending at the time a
subsequent suit to modify or motion to enforce is filed, the court may transfer
the proceeding as provided by Subsection (b) only if the court could have
transferred the proceeding at the time the first motion or suit was filed.

 

Tex. Fam. Code Ann. § 155.201. 
Upon a showing that the child has resided in another county for six
months, the transfer is mandatory.  Brines v. McIlhaney, 596 S.W.2d 519, 521
(Tex. 1980) (orig. proceeding) (construing prior statute).  The trial court has no discretion to deny the
transfer if the child has resided in another county for six months or more and
has a ministerial duty to grant the motion to transfer.  See,
e.g., Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (construing
prior statute); In re Powell, 79
S.W.3d 814, 816 (Tex. App.—Fort Worth 2002, orig. proceeding); In re Wheeler, 177 S.W.3d 350, 354 (Tex.
App.—Houston [1st Dist.] 2005, orig. proceeding); In re Nabors, 276 S.W.3d 190, 193 (Tex. App.—Houston [14th
Dist.] 2009, orig. proceeding).  The
uncontested evidence introduced at the hearing established that Z.B.J. had resided
in Travis County for eighteen months at the time Johnston filed his action.

            Johnston argued to the trial court
and to this Court in the prior petition for writ of mandamus that Cooper
forfeited her rights under the mandatory venue provision by violating the
divorce decree.  The divorce decree in
this case specified:

the
primary residence of the child shall be Upshur or contiguous counties, and the
parties shall not remove the child from Upshur or contiguous counties for the
purpose of changing the primary residence of the child until modified by
further order of the court of continuing jurisdiction or by written agreement
signed by the parties and filed with the court.

 

Johnston
relies on Huey v. Huey, 200 S.W.3d
851 (Tex. App.—Dallas 2006, no pet.). 
The Dallas Court of Appeals concluded, in Huey, that the mother forfeited her rights under the mandatory
venue provision by intentionally violating the final decree of divorce which “expressly
restricted her choice of residence for the children to Collin County, Texas or
any county contiguous to Collin County.” 
Id. at 852.  The court reasoned:

Appellant’s
conduct of moving her children to Howard County directly contravenes the
existing divorce decree.  In effect,
appellant’s conduct is an attempt to establish the children’s residence in a county
proscribed by judicial decree.  As such,
we conclude Howard County is not a proper county to which transfer must be made
by the trial court invested with continuing, exclusive jurisdiction.

 

            Moreover, permitting appellant to
obtain the benefit of an otherwise mandatory transfer based on the children’s
residence in Howard County, when such residence is solely the result of
appellant’s intentional disregard and violation of the divorce decree, would
condone appellant’s violation of the divorce decree and encourage others to do
the same in similar circumstances.  Also,
compelling a transfer on facts such as presented here would promote forum
shopping.  We conclude appellant’s act of
removing the children to a county not expressly permitted by the trial court’s
decree constitutes a waiver of the right to give notice of transfer under
section 155.204 and a forfeiture of the right to have the case transferred. 

 

Id. at 853.

            In this case, the evidence was
uncontested that Cooper moved only after Johnston agreed to get the decree
modified to approve the move.  Huey emphasized that its decision was
based on “appellant’s intentional disregard and violation of the divorce
decree.”  Id.  The divorce decree
stated the residency restriction could be modified by filing a written
agreement of the parties with the court. 
Johnston admitted he agreed to the move and agreed to secure an amended
order permitting the residence of Z.B.J. to be established in Travis County,
Texas.  Johnston further admitted that he
accepted Cooper’s $100.00 check to pay for filing the agreement, but that he
never filed the agreement.  A copy of the
check was introduced as evidence at the hearing.  Cooper also introduced a taped telephone call
in which Johnston admits receiving the check but not making any attempt to file
the agreement.[3]  

            This case is distinguishable from Huey, because the uncontested evidence
establishes Cooper did not intend to violate the divorce decree.  In fact, Cooper was reasonable in expecting the
decree to have been modified to approve her move to Travis County.  Cooper’s conduct in moving can be questioned
only in her failure to confirm that the written agreement was actually filed
and a modified decree actually obtained. 
Because there was no evidence Cooper intentionally violated the decree’s
geographical restriction, the trial court could reasonably have reached only
one decision.  See Walker, 827 S.W.2d at
839–40 (“[R]elator must establish that the trial court could reasonably have
reached only one decision.”).  Because
Cooper’s violation of the divorce decree was not intentional, we are unable to
conclude she forfeited the benefit of mandatory transfer.[4]

            Absent any intent by Cooper to violate
the decree, we see no reason the mandatory transfer provisions of Section
155.201 should not apply.  “In
determining the county of principal residence we focus on elements of
permanency for the children which are critical to establishing residency for
venue purposes.”  Nabors, 276 S.W.3d at 197. 
The purpose of having a court of continuing jurisdiction is to “avoi[d]
forum shopping, races to the courthouse, child snatching, and the harassment of
a parent by the other parent’s filing suits in random courts.”  Trader
v. Dear, 565 S.W.2d 233, 235 (Tex. 1978) (orig. proceeding).  The Texas Legislature has made the choice
that, in general, the county of the child’s residence is in the best position
to determine the “best interests” of the child. 
This policy is reflected in Section 155.201 of the Texas Family Code.  See
Tex. Fam. Code Ann. § 155.201.

            Admittedly, the trial court’s ruling
concerned an unsettled area of law.  In a
civil case, the fact that the law is unsettled does not affect whether mandamus
relief is available.  The Texas Supreme
Court has held that a trial court’s erroneous legal conclusion, even in an
unsettled area of law, is an abuse of discretion.[5]  Huie v.
DeShazo, 922 S.W.2d 920, 927–28 (Tex. 1996); In re Ramsey, 28 S.W.3d 58, 61 (Tex. App.—Texarkana 2000, orig.
proceeding).  It was error to deny Cooper’s
motion to transfer venue, and Cooper is entitled to mandamus relief.

            Because the parties have not
provided this Court with a record that the trial court has signed the final
judgment, Cooper does not have an adequate remedy by appeal, and mandamus
relief is available.  A trial court does
not ordinarily have discretion to deny a motion for mandatory transfer under
Section 155.201 of the Texas Family Code. 
See Tex. Fam. Code Ann. § 155.201.  While Texas courts have recognized a party
may forfeit mandatory transfer through an intentional disregard and violation
of a geographic restriction in a court order, the record does not support the conclusion
that Cooper’s violation of the geographic restriction was intentional.  Thus, the trial court had a ministerial duty
to grant the motion to transfer.  While
Cooper’s conduct has not been exemplary, we decline to assess sanctions against
Cooper at this time.[6]

            We
grant the petition for writ of mandamus, direct the trial court to vacate the
order denying the motion to transfer, and direct the trial court to transfer
this suit to Travis County. 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          September
2, 2010

Date Decided:             September
3, 2010

 




 

No.
06-10-00084-CV

 

IN
THE COURT OF APPEALS

SIXTH
COURT OF APPEALS DISTRICT OF TEXAS

TEXARKANA,
TEXAS

 

 

IN RE:                                                                                                ORIGINAL
MANDAMUS

 

CANDI COOPER                                                                              PROCEEDING

 

WRIT OF MANDAMUS

            Respondent,
the Honorable Paul Banner, is hereby commanded to immediately vacate the order
denying the motion to transfer venue, and further commanded to immediately
enter an order transferring this cause to Travis County.    

            ENTERED
on this ___ day of September, 2010, in chambers.

            WITNESS
THE HONORABLE JOSH R. MORRISS, III, CHIEF JUSTICE; JACK CARTER, JUSTICE; AND
BAILEY C. MOSELEY, JUSTICE, of the Court of Appeals, Sixth Court of Appeals
District of Texas, at Texarkana.

            Given
under my hand and seal of said Court in the City of Texarkana, Texas on this
the ___ day of September, 2010.

                                                            DEBBIE
AUTREY, CLERK

 

 

                                                            By:  ________________________

                                                                  Kim Robinson, Deputy Clerk

                                                                  Sixth Judicial District of Texas

                                                                  Court of Appeals

                                                                  Texarkana, Texas

 

 











[1]Johnston’s
action is classified as a suit affecting the parent-child relationship,
commonly referred to as a SAPCR.  See Tex.
Fam. Code Ann. § 101.032 (Vernon Supp. 2009).





[2]This
is the second mandamus petition Cooper has filed with this Court complaining of
the trial court’s order denying her motion to transfer.  On June 28, 2010, Cooper, proceeding pro se,
filed a petition for writ of mandamus with this Court.  We denied the petition because Cooper failed
to provide this Court with an adequate record. 
In re Cooper, No.
06-10-00057-CV, 2010 Tex. App. LEXIS 5173 (Tex. App.––Texarkana July 7, 2010,
orig. proceeding).  Cooper filed a pro se
motion for rehearing attempting to supplement the record.  We denied Cooper’s motion for rehearing
concluding Cooper had failed to establish “unusual circumstances” sufficient to
permit supplementation after an opinion had been rendered.  In re
Cooper, No. 06-10-00057-CV, 2010 Tex. App. LEXIS 6526 (Tex. App.––Texarkana
Aug. 6, 2010, orig. proceeding) (op. on reh’g). 
On August 9, 2010, Cooper filed this petition for writ of mandamus.  Cooper is represented by counsel in this
original proceeding.  Cooper has requested
that this Court consider “previously certified documents” which were filed in
the prior mandamus proceeding, including the transcript of the hearing.  We grant Cooper’s motion and take judicial
notice of the record in the prior mandamus action.





[3]Johnston
did not contest whether the tape recording was legally obtained or whether the
tape recording was admissible.

 





[4]Huey uses the terms waiver and
forfeiture in describing this situation. 
We wonder about the particular usage of waiver here.  The concept of waiver is concerned with the
conduct of the party who is alleged to have waived a right.  The Texas Supreme Court has defined waiver as
follows:

 

Waiver
is the intentional relinquishment of a right actually known, or intentional
conduct inconsistent with claiming that right. . . . The elements of waiver
include (1) an existing right, benefit, or advantage held by a party; (2) the
party’s actual knowledge of its existence; and (3) the party’s actual intent to
relinquish the right, or intentional conduct inconsistent with the right.



Ulico
Cas. Co. v. Allied Pilots Ass’n, 262 S.W.3d 773, 778 (Tex. 2008) (citations
omitted).  If applicable here, waiver would
require Cooper’s conduct (violating the decree) to be intentional and
inconsistent with the right in question (mandatory transfer of venue).  We believe her violation of the decree was
unintentional.





[5]In
a criminal case, however, mandamus is not available if the law is uncertain and
unsettled.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 





[6]Johnston
has filed a motion for sanctions requesting sanctions be assessed against
Cooper.  Johnston notes this mandamus was
filed on the same day jury selection began in the underlying suit.  Johnston alleges, “it is apparent that this ‘new’
Petition for Writ of Mandamus is filed solely in an attempt to delay the
underlying proceedings, and grossly omitted an obviously important and material
fact in her Petition, i.e., that trial was pending at the same time her
Petition was filed in this Honorable Court.” 
Johnston cites Twist v. McAllen
Nat’l Bank, 248 S.W.3d 351, 364 (Tex. App.––Corpus Christi 2007, orig.
proceeding) (single opinion disposing of both an appeal and an original
proceeding), and In re Lincoln, 114
S.W.3d 724, 727–28 (Tex. App.––Austin 2003, orig. proceeding) (sanctions assessed
under Rule 52.11 of the Texas Rules of Appellate Procedure).  See
Tex. R. App. P. 52.11.  Rule 52.11 permits an appellate court to assess
sanctions on a party or attorney who is not acting in good faith.  See
Tex. R. App. P. 52.11.  Although the timing of Cooper’s petitions are
questionable and Cooper could have been more diligent in obtaining relief,
Cooper’s claims have merit as discussed above. 
We are not persuaded the mere act of filing a petition for writ of
mandamus on the eve of trial constitutes bad faith.  An appellate court should exercise the discretion
afforded by Rule 52.11 with caution and only after careful deliberation.  In re
Lerma, 144 S.W.3d 21, 27 (Tex. App.––El Paso 2004, orig. proceeding).

                Johnston
also alleges Cooper has filed, pro se, a forty million dollar lawsuit in
federal court against the trial judge in this case.  Johnston alleges Barry Cooper, Cooper’s
husband, has publically claimed, “if you are in a civil trial and need a new
judge, file a cheap lawsuit pro se and file a motion so that the judge will be
forced to recuse his or herself.”  Johnston
has attached a copy of the lawsuit and Cooper’s motion requesting the trial
judge in this case to recuse himself from this case.  Whether this conduct merits sanctions is best
left to the discretion of the courts in which the allegedly frivolous
proceedings were filed.  We believe it is
appropriate to consider only Cooper’s conduct in this Court.  We are not willing to exercise our discretion
under Rule 52.11 to assess sanctions against Cooper.