*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★ ★ ★ ★ ★

## OPINION

No. 04-11-00709-CV

**IN RE** Whitney Elaine **LAWSON**

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 4, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 27, 2011, relator Whitney Elaine Lawson filed a petition for writ of mandamus, complaining of the trial court's failure to transfer venue in a suit to modify the order in a suit affecting the parent-child relationship.  We conditionally grant mandamus relief.

## BACKGROUND

In November of 2009, Lawson and real party in interest Jay Gabe Lackmeyer entered into a final divorce decree in which they were each appointed joint managing conservators of their child H.L.  Whitney was given the "the exclusive right to designate the primary residence of the child within Waco, Texas until August 1, 2011.  On and after August 1, 2011 IT IS ORDERED

---

[1] This proceeding arises out of Cause No. 2008-CI-20221, styled *In the Interest of H.L., a child*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.  However, relator complains of a ruling by Judge John D. Gabriel, presiding judge of the 131st District Court, Bexar County, Texas.

that the child's primary residence shall be within 100 miles of 9814 Gothia Ranch Helots Texas [sic]." The record indicates that since the divorce Whitney and H.L. have resided in McLennan County, Texas.

On August 3, 2011, Whitney filed a Motion to Transfer and Petition to Modify Parent-Child Relationship in Bexar County, Texas, seeking to modify provisions of the decree and requesting the trial court transfer the proceeding to McLennan County, Texas pursuant to Chapter 155 of the Texas Family Code. The motion alleged "[t]he principal residence of the child is in McLennan County, Texas, and has been in that county during the six-month period preceding the commencement of this suit." Also on August 3, 2011, Jay filed a Motion for Enforcement of Possession or Access and Order to Appear, seeking to enforce the provision in the final divorce decree requiring Whitney and the child to move within 100 miles of his residence by August 1, 2011. On August 25, 2011, Jay filed an Affidavit Controverting Motion to Transfer, asserting as follows:

> The child's primary residence is still Bexar County and Ms. Whitney Elaine Lawson was allowed to move to McLenna[sic] County only for a period of time and was to move within a 100 miles of Mr. Jay Gabe Lackmeyer's place of residence by August 1, 2011 as indicated in the final decree.

On September 1, 2011, the trial court held a hearing on the motion to transfer, at which Whitney testified H.L. has resided with her in McLennan County, Texas since the divorce in 2009. Jay's attorney stipulated on the record that H.L. has physically been in McLennan County for the preceding six months. Jay did not dispute that the child has resided in McLennan County since 2009, but claimed that per the final divorce decree McLennan County was only intended to be a temporary residence until August, 1, 2011. Therefore, Jay disputed that a transfer was mandatory. At the conclusion of the hearing, the trial court denied Whitney's motion to transfer,

and the order was signed on September 15, 2011. This petition for writ of mandamus ensued. Both Jay and the respondent were given an opportunity to respond to the petition filed in this court; however, no response was filed.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. In a suit to modify the parent-child relationship, the trial court has a mandatory ministerial duty under Family Code section 155.201 to transfer the suit to a county where the child has lived for six months or longer. *See In re Kramer*, 9 S.W.3d 449, 450 (Tex. App.—San Antonio 1999, orig. proceeding) (citing *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding)). When the trial court fails to transfer venue, mandamus relief is appropriate because an appeal is inadequate. *See Proffer*, 734 S.W.2d at 673.

Whitney complains the trial court abused its discretion by failing to transfer venue to McLennan County in compliance with the mandatory provisions of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 155.201, 155.204 (West 2008). A transfer becomes mandatory as follows:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

*Id.* § 155.201(b). Section 155.203 of the Family Code directs the trial court to look at the child's "principal residence" to determine the county of the child's residence when determining if venue must be transferred. *See id.* § 155.203 (providing "the court may not require that the period of residence be continuous or uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit").

It is undisputed that H.L. has resided in McLennan County for six months or longer. *See id.* § 155.201(b). At the hearing, although it was stipulated H.L. resided in McLennan County, Jay argued that H.L.'s residence in McLennan County since 2009 was temporary because the divorce decree required Whitney to move within 100 miles of his residence by August 1, 2011. However, it is mandatory under Family Code section 155.201 for the trial court to transfer the suit to a county where the child has lived for six months or longer. *See Kramer*, 9 S.W.3d at 450 (citing *Proffer*, 734 S.W.2d at 673). In the trial court, Jay failed to cite to an exception to the mandatory venue provision and we can find none applicable to this case. Therefore, we conclude the mandatory provisions of section 155.201 control and cannot be negated by the argument that H.L. resided in McLennan County only temporarily for two years based on the provisions in the divorce decree that required Whitney to return by August 1, 2011. *See Leonard v. Paxson*, 654 S.W.2d 440, 442 (Tex. 1983) (applying former Texas Family Code section 11.06). "To hold otherwise would defeat the legislature's intent that matters affecting the parent-child relationship be heard in the county where the child resides." *Id.* Therefore, we conclude that because the child resided in McLennan County for the six months preceding the commencement of the modification suit, the trial court had a mandatory duty to transfer the proceeding to McLennan County. *See* TEX. FAM. CODE §§ 155.201, 155.204.

**CONCLUSION**

Because we conclude the trial court abused its discretion in failing to transfer the suit to McLennan County, Texas we conditionally grant the writ of mandamus.  The writ will issue only if the trial court fails to transfer the suit within fourteen days.

Sandee Bryan Marion, Justice