

NUMBER 13-20-00178-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE CYNTHIA MEZA

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria[1]**

Relator Cynthia Meza filed a petition for writ of mandamus in the above cause on April 7, 2020. Through this original proceeding, relator seeks to compel the trial court to transfer the underlying child custody case from Cameron County, Texas, to Hidalgo County, Texas. *See* TEX. FAM. CODE ANN. § 155.201(b) (providing for mandatory transfer of venue); *id.* § 155.204(b) (governing the procedure for transfer of cases involving "continuing, exclusive jurisdiction").

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding); *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding); *In re Yancey*, 550 S.W.3d 671, 674 (Tex. App.—Tyler 2017, orig. proceeding); *In re Thompson*, 434 S.W.3d 624, 628 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re Lawson*, 357 S.W.3d 134, 135–36 (Tex. App.—San Antonio 2011, orig. proceeding).. In such cases, remedy by direct appeal is inadequate because parents and children who have a right to mandatory venue "should not be forced to go

through a trial that is for naught" and because "[j]ustice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see In re Lawson*, 357 S.W.3d at 136; *see also* TEX. FAM. CODE ANN. § 155.204(h) (providing that an order transferring or refusing to transfer venue "is not subject to interlocutory appeal").

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, Juan Pablo Cantu, and the applicable law, is of the opinion that Meza has not met her burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Delivered and filed the
15th day of April, 2020.

3