

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00342-CV

_____

IN RE R.H., Relator

---

Original Proceeding
43rd District Court of Parker County, Texas
Trial Court No. CV18-1157

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Relator R.H. seeks mandamus relief from a trial court order denying her petition to transfer a suit affecting the parent-child relationship from Parker County to Tarrant County. Because the trial court clearly abused its discretion and because Relator lacks an adequate remedy by appeal, we conditionally grant mandamus relief.

## I. Background

Relator and real party in interest K.H. (RPI) are the parents of B.M.H. and B.W.H. Relator sued RPI for divorce in Parker County. While that divorce proceeding was pending, RPI and B.M.H. moved to Tarrant County. On November 28, 2018, the trial court signed a final divorce decree ending the marriage of Relator and RPI. In the decree, the trial court appointed both parents as joint managing conservators of the children, but it granted RPI the exclusive right to designate the primary residence of B.M.H.[1]

On May 9, 2019, Relator filed a petition to modify the parent-child relationship as to B.M.H. and filed a motion to transfer the suit from Parker County to Tarrant County because B.M.H. had resided in Tarrant County for at least six months.[2] RPI

---

[1]Relator was granted the exclusive right to designate the primary residence of B.W.H.

[2]In her response, RPI argues that Relator's petition for writ of mandamus should be denied because Relator did not file a copy of the petition to modify as part of the mandamus record. Relator, however, later supplemented the mandamus record to include a copy of the petition to modify. *See* Tex. R. App. P. 52.7(b) (permitting supplementation of the mandamus record).

2

filed a controverting affidavit in response to the motion to transfer averring that B.M.H. had not resided outside of Parker County for at least six months. At a hearing on the motion to transfer, however, RPI testified that she and B.M.H. had been living in Tarrant County since at least September 20, 2018. At the hearing, RPI's attorney argued that the sixth-month residency period did not begin until the trial court signed the final divorce decree on November 28, 2018. The trial court denied the motion to transfer, and this mandamus proceeding eventually followed.

## II. Discussion

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *see In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it is a clear and prejudicial error of law or if it fails to correctly analyze or apply the law to the facts. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see also State v. Naylor*, 466 S.W.3d 783, 793 (Tex. 2015) (orig. proceeding) ("A writ of mandamus is an extraordinary remedy available 'to correct an action of a trial judge who commits an abuse of discretion or a violation of a clear duty under the law.'" (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex.

3

1984) (orig. proceeding))). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

The transfer of a suit affecting the parent-child relationship to a county where the child has lived for at least six months is mandatory under Family Code Section 155.201. *In re Wheeler*, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re Powell*, 79 S.W.3d 814, 816 (Tex. App.—Fort Worth 2002, orig. proceeding); *see* Tex. Fam. Code Ann. § 155.201(b). Section 155.201(b) provides in pertinent part:

> If a suit to modify . . . is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall . . . transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam. Code Ann. § 155.201(b).

A trial court "has no discretion but to transfer if the child has resided in another county for six months or more." *Powell*, 79 S.W.3d at 816. In *Tippy v. Walker*, the Texas Supreme Court held that the six-month residency period begins to run when the child's actual residency in a different county begins, even if the divorce decree is signed after the child begins residing in a different county. 865 S.W.2d 928, 929 (Tex. 1993) (orig. proceeding) (construing prior version of Section 155.201); *see Powell*, 79 S.W.3d at 817 (discussing *Tippy*).

4

Section 155.201 "recognizes that transfer as to some, but not all, children may be appropriate" and "clearly contemplates severance in those instances." *In re Yancey*, 550 S.W.3d 671, 675 (Tex. App.—Tyler 2017, orig. proceeding) (per curiam) (mem. op.) (quoting *In re T.J.L.*, 97 S.W.3d 257, 264 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). A trial court "must transfer the proceedings affecting a child to the county where the child resides, even if it retains jurisdiction over another child of the marriage who does not live in the transferee county." *Yancey*, 550 S.W.3d at 675 (citations and internal quotations omitted). "[S]everance is the proper procedure for implementing the transfer, even without a motion to sever." *Id.* (citing *T.J.L.*, 97 S.W.3d at 265).

Here, RPI testified at the hearing on Relator's motion to transfer that B.M.H. had been residing in Tarrant County since at least September 20, 2018. The record shows that Relator filed her petition to modify and her motion to transfer venue on May 9, 2019—over seven months after B.M.H. moved to Tarrant County. We reject the argument made by RPI in the trial court that the six-month residency period did not begin until the trial court entered the final divorce decree.[3] *See Tippy*, 865 S.W.2d

---

[3]In her response, RPI does not repeat her argument raised in the trial court suggesting that the six-month residency period did not begin until the trial court entered the final divorce decree, nor does she contend that the evidence does not show that B.M.H. had been residing in Tarrant County for at least six months prior to Relator filing the petition to modify. Instead, RPI argues that the lengthy delay between the trial court's denial of the motion to transfer and Relator's filing of her petition for writ of mandamus acts to bar Relator's petition. In discussing the timeliness of a mandamus complaint, we have held that "[e]quity aids the diligent and

at 929. Because B.M.H. had been residing in Tarrant County for at least six months when Relator filed her petition to modify, the trial court had a mandatory duty to transfer the case as to B.M.H. to Tarrant County, and it abused its discretion by denying Relator's motion to transfer. *See* Tex. Fam. Code Ann. § 155.201(b); *Powell*, 79 S.W.3d at 817 ("The trial court had a mandatory duty to transfer this suit affecting the parent-child relationship to Collin County because the children had resided in Collin County for six months; therefore, it abused its discretion by denying the motion to transfer.").

Texas courts have consistently held that mandamus is proper when a trial court refuses to compel mandatory transfer in a suit affecting the parent-child relationship.

---

not those who slumber on their rights" and that "it is well-settled that mandamus relief may be denied where a party inexplicably delays asserting its rights." *In re Hinterlong*, 109 S.W.3d 611, 620 (Tex. App.—Fort Worth 2003, orig. proceeding) (op. on reh'g) (citations and internal quotations omitted). We have also said, however, that in determining whether a relator's delay in seeking mandamus relief should bar the issuance of the writ, we may analogize to the doctrine of laches, which requires that the party asserting the doctrine show both an unreasonable delay *and* harm resulting to it because of the delay. *In re Roxsane R.*, 249 S.W.3d 764, 771 (Tex. App.—Fort Worth 2008, orig. proceeding); *Hinterlong*, 109 S.W.3d at 620. In her response, RPI did not argue or make any showing that she was harmed by any delay by Relator in filing the mandamus. Moreover, this proceeding presents a clear abuse of discretion because the trial court had no choice but to transfer the case to Tarrant County, thus making a laches-type bar less relevant under these circumstances. *Cf. Walker*, 827 S.W.2d at 840 (stating that a trial court has no discretion in determining what the law is or applying the law to the facts); *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 748 (Tex. App.—Dallas 2012, no pet.) (applying the abuse of discretion standard to trial court's laches decision but noting that a trial court has no discretion in determining what the law is or applying the law to the facts). Accordingly, we reject RPI's argument that Relator's petition should be barred because of delay. *See Roxsane R.*, 249 S.W.3d at 771–72; *Hinterlong*, 109 S.W.3d at 620.

*See, e.g., Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding); *In re Whitworth*, No. 05-19-00677-CV, 2019 WL 2710747, at \*2 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.); *Wheeler*, 177 S.W.3d at 352; *Powell*, 79 S.W.3d at 816–17; *In re Sanchez*, 1 S.W.3d 912, 914 (Tex. App.—Waco 1999, orig. proceeding). "In such cases, remedy by direct appeal is inadequate because '[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught.'"[4] *Whitworth*, 2019 WL 2710747, at \*2 (quoting *Proffer*, 734 S.W.2d at 673).

### III. Conclusion

Because the trial court clearly abused its discretion and Relator has no adequate appellate remedy, Relator is entitled to mandamus relief. Accordingly, we conditionally grant a writ of mandamus and direct the trial court to vacate its order denying the motion to transfer venue, and in its stead, to issue an order severing and transferring the suit as to B.M.H. to Tarrant County. *See* Tex. R. App. P. 52.8(c); *Yancey*, 550 S.W.3d at 676. Our writ will issue only if the trial court fails to comply.

---

[4]In her response, RPI argues that we should deny Relator's petition because Relator did not argue or cite authority demonstrating that she lacks an adequate appellate remedy. We disagree. Relator stated in her petition that the trial court's denial of her motion to transfer venue was addressable by mandamus, and she pointed us to *Tippy*, a case where the Texas Supreme Court granted mandamus relief following a trial court's refusal to transfer a suit affecting the parent-child relationship. *See Tippy*, 865 S.W.2d at 929.

7

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  December 31, 2020