

**NUMBER 13-22-00048-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**IN RE VANGELINA OCHOA**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Hinojosa[1]**

In this original proceeding, relator Vangelina Ochoa asserts that the trial court abused its discretion by refusing to grant a mandatory transfer of venue under the Texas Family Code in the underlying suit regarding the parent-child relationship. *See* TEX. FAM. CODE ANN. § 155.201(b) (providing for a mandatory transfer of venue in a matter affecting the parent-child relationship "to another county in this state if the child has resided in the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

other county for six months or longer"); *id.* § 155.204(d) (stating in relevant part that "a party desiring to contest the motion [to transfer venue] must file a controverting affidavit denying that grounds for the transfer exist").

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *Proffer v. Yates*, 734 S.W.2d 671, 672–73 (Tex. 1987) (orig. proceeding) (per curiam); *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding); *In re Yancey*, 550 S.W.3d 671, 674 (Tex. App.—Tyler 2017, orig. proceeding); *In re Lawson*, 357 S.W.3d 134, 135–36 (Tex. App.—San Antonio 2011, orig. proceeding). In such cases, remedy by direct appeal is inadequate because parents and children who have a right to mandatory venue "should not be forced to go through a trial that is for naught" and because "[j]ustice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see In re Lawson*, 357 S.W.3d at 136; *see also* TEX. FAM. CODE ANN. § 155.204(h)

(providing that an order transferring or refusing to transfer venue "is not subject to interlocutory appeal").

It is the relator's burden to provide a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Long*, 607 S.W.3d 443, 446 (Tex. App.—Texarkana 2020, orig. proceeding); *In re McCarty*, 598 S.W.3d 485, 486 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam). The record in an original proceeding must include:

(1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

(2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. 52.7. "An oral order may be the subject of mandamus relief if the court's ruling is a clear, specific, and enforceable order that is adequately shown by the record." *In re State ex rel. Munk*, 448 S.W.3d 687, 690 (Tex. App.—Eastland 2014, orig. proceeding); *see In re State ex rel. Skurka*, 512 S.W.3d 444, 451 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A) (stating that "[t]he appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of").

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest, G.G., and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Relator has not provided this Court with either a written order, or the reporter's record regarding the motion to transfer venue and has thus failed to provide a sufficient record to support her claim for relief. We further

3

note that, in the response to the petition for writ of mandamus, the real party in interest alleged that relator committed laches in filing this original proceeding. *See In re Am. Airlines, Inc.*, 634 S.W.3d 38, 42–43 (Tex. 2021) (orig. proceeding) (per curiam). We do not address that issue in the absence of a full record. Accordingly, we deny the petition for writ of mandamus without prejudice.

LETICIA HINOJOSA
Justice

Delivered and filed on the
4th day of March, 2022.