

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-24-00158-CV

## IN RE KRYSTAL CHRISTON

---

## Original Proceeding

### From the 472nd District Court
### Brazos County, Texas
### Trial Court No. 21-003148-CVD-361

---

## DISSENTING OPINION

---

The transfer of a suit affecting the parent-child relationship to a county where the child has lived for at least six months is mandatory under Family Code Section 155.201(b). *See In re R.H.*, 2020 Tex. App. LEXIS 10463 at *3-4; *In re Wheeler*, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re Powell*, 79 S.W.3d 814, 816 (Tex. App.—Fort Worth 2002, orig. proceeding); *see* TEX. FAM. CODE § 155.201(b).

A trial court "has no discretion but to transfer if the child has resided in another county for six months or more." *Powell*, 79 S.W.3d at 816. The Texas Supreme Court held

long ago that the six-month residency period begins to run when the child's actual residency in a different county begins, even if the divorce decree is signed after the child begins residing in a different county. *See Tippy v. Walker*, 865 S.W.2d 928, 929 (Tex. 1993) (orig. proceeding) (construing prior version of Section 155.201); *see Powell*, 79 S.W.3d at 817 (*discussing Tippy*).

The parties were divorced pursuant to a default judgment in May of 2022. The final decree entered at that time contained no geographical restriction. Shortly thereafter, the mother (Christon) and the child moved to Martin County in late May of 2022. It is undisputed that at the time Christon and the child relocated to Martin County, there was no court order that required the child's domicile to be in Brazos or any other county.

The father (Hunsinger) filed a motion to set aside the default judgment, which was granted by the trial court. The final decree of divorce was not signed by the trial court until August of 2023. The judgment contained a geographical restriction for the child's residence to Brazos and contiguous counties and Montgomery County to begin seven days before the start of the school year in 2023. From May of 2022 until the entry of the final decree, over 14 months, the child resided in Martin County.

Hunsinger filed a motion for enforcement of the judgment in January of 2024. Christon filed a motion to transfer the proceeding to Martin County with her original answer, alleging that the child had been residing in Martin County for more than six

months.  Hunsinger filed a timely affidavit to controvert the motion to transfer.[1]  Various pleadings were filed in the intervening time until Hunsinger filed a nonsuit for both his pending motion to enforce and petition to modify in late February of 2024 prior to any hearing on the motion to transfer.

The same day the nonsuits were received by and signed by the trial court, Hunsinger filed another motion to modify the parent-child relationship.[2]  Christon filed another answer and another motion to transfer venue to Martin County.  Hunsinger filed another controverting affidavit after the second motion to transfer.  The trial court ultimately conducted a hearing on the motion to transfer and denied the motion.  Christon filed this petition for a writ of mandamus to compel the trial court to withdraw its order and to sign an order transferring the proceeding to Martin County.

"Texas courts have consistently held that mandamus is proper when a trial court refuses to compel mandatory transfer in a suit affecting the parent-child relationship." *In re R.H.*, No. 02-20-00342-CV, 2020 Tex. App. LEXIS 10463 at *5, 2020 WL 7776794, at *3 (Tex. App.—Fort Worth Dec. 31, 2020, orig. proceeding) (mem. op.); *see Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding.) ("Transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty under [the

---

[1] The sufficiency of the allegations in the controverting affidavit is contested by Christon.

[2] Christon does not appear to argue that her original motion to transfer filed in January of 2024 and the controverting affidavit filed by Hunsinger remained pending after Hunsinger's nonsuits even though the orders do not mention any pleadings of Christon.  Rather, the arguments before the trial court and in this mandamus proceeding relate to the second motion to transfer filed in March of 2023 and the controverting affidavit filed thereafter.

Family Code]."); *Leonard v. Paxson*, 654 S.W.2d 440, 441-42 (Tex. 1983) (orig. proceeding) (observing that permitting parties to contract around the mandatory venue and transfer provisions of the Family Code "would defeat the legislature's intent that matters affecting the parent-child relationship be heard in the county where the child resides, and would promote forum shopping by contract"); *In re Yancey*, 550 S.W.3d 671, 675 (Tex. App.—Tyler 2017, orig. proceeding) (per curiam) (mem. op.) (observing that the plain language of the mandatory venue and transfer provisions of the Family Code "demonstrates the legislature's desire that matters affecting the parent-child relationship be heard in the county of the child's residence"). Such a refusal is a clear abuse of discretion. *Proffer*, 734 S.W.2d at 672; *In re Powell*, 79 S.W.3d 814, 817 (Tex. App.—Fort Worth 2002, orig. proceeding).

Moreover, a remedy by appeal is inadequate because "[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught." *Proffer*, 734 S.W.2d at 673. "Justice demands a speedy resolution of child custody and child support issues." *Id.*; *see In re Tex. Dep't of Fam. & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (op. on reh'g) (*quoting Proffer*). And it is simply easier to prove the current circumstances affecting children in their county of residence. *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding).

It is undisputed that Christon and the child moved to Martin County in May of

2022, a time when it was not improper for her to do so.[3] The period of residence of the child for purposes of venue began at that time, and it has not been controverted that the child has resided there since that time. Indeed, the father agreed that the child could continue to reside in Martin County in a written agreement signed by the parties in December of 2022 and memorialized in their divorce decree, at which time a geographical restriction of the child's residence would commence in multiple counties, not just Brazos, contingent upon the sale of the marital residence. Because the child's residence was in Martin County for longer than six months not in violation of a court order, the transfer was mandatory and it was an abuse of discretion by the trial court not to do so upon the filing of the mother's motion to transfer.[4] This situation is the very type of dispute in this

---

[3] Hunsinger relies on the Dallas Court of Appeals's decision in *Huey v. Huey*, 200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.) and argues that Christon has waived her right to transfer venue by violating the geographic restriction in the final decree of divorce. In that proceeding, the mother moved with the child to another county after the judgment establishing the geographic restriction was entered. The Dallas court held that the mother had waived or forfeited her right to transfer because she violated the trial court's judgment. *See Huey*, 200 S.W.3d at 853. Even if I agreed with the concept of "waiver" in cases such as this, which I do not, the facts in that proceeding are not the same as in this case where the mother moved with the child at a time when it was not unlawful for her to do so. Moreover, if anyone can be said to have waived their rights with regard to the residence of K.H., it is Hunsinger. He knew in August of 2023 that K.H. was residing in Martin County and took no legal action to enforce the trial court's order until January of 2024. Indeed, as the evidence from the hearing revealed, there had been extensive discussion between the parents about Hunsinger relocating to the Martin County area rather than Brazos County after August of 2023. In fact, in a message exchange, Hunsinger stated that there was an agreement to extend the deadline for the start of the geographical restriction to August of 2024 and that the child would be home schooled for the school year 2023-24. Hunsinger argues that it is improper for this Court to consider this evidence because it related to settlement negotiations; however, he agreed to the admission of the relevant exhibits at the hearing and thus, waived any objection to our consideration of the evidence on this basis.

[4] The facts before us are similar to *In re Lawson*, 357 S.W.3d 134 (Tex. App.—San Antonio 2011, no pet.). In that proceeding, a geographical restriction of a child's residence to a different area (within 100 miles of a certain address presumably in Bexar County where the order was entered) was ordered to commence nearly two years after the entry of the order. *See Lawson*, 357 S.W.3d at 135. At the time of the entry of that order and all times thereafter, the child resided in McLennan County. A motion to enforce was filed after the mother did not relocate the child and she filed a motion to transfer venue, which was denied.

type of proceeding that the mandatory transfer statute was designed to avoid.[5]  I would conditionally grant the petition for writ of mandamus and compel the trial court to sign an order transferring this proceeding to Martin County.  Because the majority does not, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed August 29, 2024



---

Mandamus relief was conditionally granted to order the trial court to grant the motion to transfer because the appellate court held that the transfer statute is mandatory.  *See Lawson*, 357 S.W.3d at 136.

[5] There are two distinct issues at play at this juncture.  One is, where has the child resided for six months at the time of the filing of the motion to enforce.  The other, later, becomes whether or not the mother has violated the geographical restriction.  The transfer of venue to Martin County should have been mandatory.  It would then be up to the judge in that county to determine if the decree was violated or not, or whether there is a defense to a violation, if any, or whether the decree should be modified.