By per curiam opinion.
Relator, Alina Yancey, files this original proceeding in which she complains of the trial court's refusal to transfer venue.[1] We conditionally grant the writ.
BACKGROUND
Yancey and Nelson Pruitt are the parents of J.P., H.P., and L.P. In December 2012, the Rusk County trial court signed a final decree dissolving the marriage between Yancey and Pruitt. In 2014, the trial court signed an order making Pruitt J.P.'s primary managing conservator and making Yancey the primary managing conservator for H.P. and L.P.
On January 31, 2017, the Texas Attorney General's Office filed (1) a suit for modification of support and motion to confirm support arrearage in Rusk County, and (2) a motion to transfer venue from Rusk County to Smith County on grounds that, although the Rusk County court had continuing jurisdiction, Yancey, H.P., and L.P. had resided in Smith County for more than six months before the filing of the motion. In her affidavit of residency, Yancey averred that she and the children had resided in Smith County for at least six months. Pruitt filed a controverting declaration, in which he stated that J.P. has resided in Rusk County, not Smith County, for at least six months. Pruitt also filed a counter-petition to modify the parent-child relationship.
At a hearing on the motion to transfer, Pruitt testified that the case originated in Rusk County and that he, Yancey, and the three children resided in Rusk County at that time. However, Yancey, H.P., and L.P. later moved out of the county and J.P.
*674 remained with him. He did not want the case transferred because J.P. resides with him in Rusk County and it would be inconvenient to travel to Smith County. He testified that Smith County is H.P.'s and L.P.'s primary domicile and that they lived there longer than six months. Yancey's attorney maintained that the Rusk County court was no longer the court of continuing jurisdiction because the children had not lived in Rusk County for the past six months. She also argued that sever was appropriate for the two children who resided in Smith County.
On May 16, the trial court denied the motion to transfer. Yancey subsequently filed her own motion to transfer, and Pruitt again filed a controverting affidavit. The record does not reflect that the trial court ruled on Yancey's motion; thus, it was overruled by operation of law. Yancey filed this original proceeding on July 28.[2]
PREREQUISITES TO MANDAMUS
Mandamus is an extraordinary remedy. In re Sw. Bell Tel. Co., L.P. , 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. In re Cerberus Capital Mgmt., L.P. , 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. In re Fitzgerald , 429 S.W.3d 886, 891 (Tex. App.-Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." In re Tex. Dep't of Family and Protective Servs. , 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). Mandamus is available to compel mandatory transfer in a suit affecting the parent child-relationship. In re Lawson , 357 S.W.3d 134, 135-36 (Tex. App.-San Antonio 2011, orig. proceeding) ; In re Calderon , 96 S.W.3d 711, 715 (Tex. App.-Tyler 2003, orig. proceeding).
AVAILABILITY OF MANDAMUS
Relator contends that, under section 155.201(b) of the family code, the trial court should have transferred the case to Smith County with respect to H.P. and L.P., as both children resided in Smith County for over six months.
"If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN . § 155.201(b) (West 2014). Except in circumstances inapplicable to this case, a motion to transfer by a petitioner or movant is timely if made when the initial pleadings are filed. Id. § 155.204(b) (West 2014). "Transferring a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 155.201 of the Texas Family Code." Calderon , 96 S.W.3d at 715.
In this case, Yancey was not the petitioner or movant; thus, she was required to file her motion to transfer on or before the first Monday after the 20th day after February 14, 2017, the day she was served with citation. See TEX. FAM. CODE ANN . § 155.204(b). Because she filed her motion in July, it was untimely and the trial court was not required to grant Yancey's motion. See id. § 155.201(b). Nevertheless, *675 the Attorney General's Office, as the movant, timely filed its motion to transfer with its initial pleading. See id. Yancey is a party to that proceeding and her rights are affected by the trial court's denial of the Attorney General's motion. Thus, she may challenge the denial of the Attorney General's motion to transfer in this original proceeding. See Terrazas v. Ramirez, 829 S.W.2d 712, 723 (Tex. 1991) (to be entitled to mandamus, relator must have justiciable interest in underlying controversy); In re Lakeside Realty, Inc. , No. 12-05-00078-CV, 2005 WL 1177228, at *2 (Tex. App.-Tyler May 18, 2005, orig. proceeding) (mem. op.) (relator participated in trial court proceedings and was affected by the order it sought to challenge; therefore, it had standing to seek mandamus relief).
The plain language of section 155.201(b) demonstrates the legislature's desire that matters affecting the parent-child relationship be heard in the county of the child's residence. In re T.J.L. , 97 S.W.3d 257, 264 (Tex. App.-Houston [14th Dist.] 2002, no pet.) ; see TEX. FAM. CODE ANN . § 155.201(b). Both section 155.201 and section 155.001, which addresses the acquisition of continuing exclusive jurisdiction, refer to the exercise of jurisdiction over the "child," in the singular, which evidences the legislature's intent that trial courts determine continuing, exclusive jurisdiction on a child-by-child basis. T.J.L. , 97 S.W.3d at 264 ; see TEX. FAM. CODE ANN . §§ 155.001, 155.201 (West 2014 & West. Supp. 2016). Additionally, section 155.207(b) states:
The clerk of the transferring court shall keep a copy of the transferred pleadings and other requested documents. If the transferring court retains jurisdiction of another child who was the subject of the suit , the clerk shall send a copy of the pleadings and other requested documents to the court to which the transfer is made and shall keep the original pleadings and other requested documents.
TEX. FAM. CODE ANN . § 155.207(b) (West Supp. 2016) (emphasis added). Thus, "the statute recognizes that transfer as to some, but not all, children may be appropriate[ ]" and "clearly contemplates severance in those instances because it prescribes the procedure for handling the case files when one child is transferred and another child is not." T.J.L. , 97 S.W.3d at 264 ; see Koether v. Morgan , 787 S.W.2d 582, 585 (Tex. App.-Waco 1990, no writ) ("the legislature specifically contemplated the wisdom and necessity of such a transfer ... when custody of a couple's children is divided between the mother and father and one parent moves to another county with the children of whom that parent is managing conservator[;]" "[t]he statute expressly makes allowance for the realities of a highly mobile society[ ]"). "The statute does not require that all the children who have been subject to a court of continuing, exclusive jurisdiction in a particular case must live in the county to which a transfer is being sought." Koether , 787 S.W.2d at 585.
Accordingly, a trial court must "transfer the proceedings affecting a child to the county where the child resides, even if it retains jurisdiction over another child of the marriage who does not live in the transferee county." T.J.L. , 97 S.W.3d at 264 ; see In re Wheeler, 177 S.W.3d 350, 353 (Tex. App.-Houston [1st Dist.] 2005, orig. proceeding) ; see also Koether , 787 S.W.2d at 585. "[A] trial court has no discretion but to transfer venue as to one child if the child has been living in another county for at least six months prior to the proceedings and a controverting affidavit has not been filed in regard to that child." Wheeler , 177 S.W.3d at 353. In such a case, severance is the proper procedure for implementing the transfer, even without a motion to sever. T.J.L. , 97 S.W.3d at 265.
*676 In response to the Attorney General's motion to transfer, Pruitt filed a controverting affidavit with respect to J.P. At the hearing on the motion to transfer, Pruitt acknowledged that H.P. and L.P. resided in Smith County, where they had lived for at least six months. He did not file an affidavit controverting allegations regarding H.P.'s and L.P.'s residency. Because no controverting affidavit was filed with respect to H.P. and L.P., the trial court had a ministerial duty to sever and transfer the proceedings regarding H.P. and L.P. to Smith County. See Wheeler, 177 S.W.3d at 353 ; see also T.J.L. , 97 S.W.3d at 264. Accordingly, the trial court abused its discretion by denying the Attorney General's motion to transfer H.P.'s and L.P.'s case to Smith County. See Wheeler, 177 S.W.3d at 353 ; see also T.J.L. , 97 S.W.3d at 264.
CONCLUSION
Based upon our review of the record and the foregoing analysis, we conclude the trial court abused its discretion by failing to grant the Attorney General's motion to transfer venue, with regard to H.P. and L.P., to Smith County under section 155.201(b) of the Texas Family Code. Accordingly, we conditionally grant Yancey's petition for writ of mandamus. We direct the trial court to vacate its May 16, 2017 order denying the Attorney General's motion to transfer, and in its stead, to issue an order severing and transferring the case as to H.P. and L.P. to Smith County. We trust the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so within fifteen days of the date of the opinion and order . The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.
ORDER
ON THIS DAY came to be heard the petition for writ of mandamus filed by ALINA YANCEY ; who is the relator in Cause No. 2012-09-444-CL, pending on the docket of the County Court at Law of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on July 28, 2017, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, conditionally granted .
And because it is further the opinion of this Court that the trial judge will act promptly and vacate his order of May 16, 2017, denying the Texas Attorney General's motion to transfer, and in its stead, to issue an order severing and transferring the case as to H.P. and L.P. to Smith County, Texas; the writ will not issue unless the HONORABLE CHAD W. DEAN fails to comply with this Court's order within fifteen (15) days from the date of this order.

Respondent is the Honorable Judge Chad W. Dean of the County Court at Law of Rusk County, Texas.

The Attorney General's Office filed a notice of nonsuit in the trial court and is not a party to this proceeding.