# NO. 12-18-00291-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL L. BIRD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Michael L. Bird, acting pro se, filed this original proceeding to challenge a temporary order in a suit affecting the parent child relationship and the denial of his motion to transfer.[1] We conditionally grant the writ.

## BACKGROUND

In August 2006, Respondent signed a final divorce decree dissolving the marriage between Bird and Real Party in Interest, Angelique Ledesma.[2] Respondent appointed Bird and Ledesma as joint managing conservators of their daughter and gave Bird the exclusive right to designate the child's residence without regard to geographic location. The decree further stated "The parties shall have possession of the child at all reasonable times and places at the discretion of Petitioner, Respondent and the minor child." The record demonstrates that the child alternated living with Bird and Ledesma, living with Bird one year and with Ledesma the following year. In 2016, Ledesma filed a petition to modify the parent-child relationship on grounds that the circumstances of the child, a conservator, or other party affected by the 2006 decree have materially and substantially changed and the child expressed her preference to reside with Ledesma. She sought

---

[1] Respondent is the Honorable Pam Fletcher, Judge of the 349th District Court in Houston County, Texas.

[2] Bird was the petitioner in the divorce proceeding.

appointment as the person with the right to designate the child's primary residence, an increase in child support, and a temporary restraining order.

On August 12, 2016, Respondent signed an order restraining Bird from disturbing the peace of the child, withdrawing the child from enrollment in Crockett Independent School District, hiding or secreting the child from Ledesma, making disparaging remarks regarding Ledesma or her family in the presence of the child or within the child's hearing, and taking possession of the child. On August 17, Bird filed a motion to transfer the case to Bell County. At a hearing on September 2, Respondent indicated having visited with the child and informed the parties of her belief that each party's household is appropriate. Respondent determined that the child should temporarily remain with Ledesma. At a hearing on November 17, Respondent denied Bird's motion to transfer. Respondent signed an order denying the motion on December 15.

On September 18, 2017, Respondent signed temporary orders that appointed the parties temporary joint managing conservators and gave Ledesma the exclusive right to designate the child's primary residence. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

Mandamus is available to compel mandatory transfer in a suit affecting the parent child-relationship. *In re Lawson*, 357 S.W.3d 134, 135-36 (Tex. App.—San Antonio 2011, orig. proceeding); *In re Calderon*, 96 S.W.3d 711, 715 (Tex. App.—Tyler 2003, orig. proceeding). Additionally, "[b]ecause a trial court's temporary orders in a custody case are not appealable, mandamus is an appropriate means to challenge them." *In re McPeak*, 525 S.W.3d 310, 313 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

2

In this mandamus proceeding, Bird challenges Respondent's ruling at the hearing on September 2, 2016, which he contends is reflected in the order dated September 18, 2017. He contends this order violates Sections 153.004(b) and 156.006(b) of the Texas Family Code. Bird also challenges the December 2016 order, in which Respondent denied his motion to transfer, as a violation of Section 155.201(b) of the Texas Family Code.

## Delay in Filing Mandamus Petition

Before reaching the merits of Bird's challenges, we first address the lengthy delay between the complained-of rulings and Bird's filing of his mandamus petition.

"Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). "Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). Delay alone is insufficient; injury or prejudice must also be established. *In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). Whether mandamus is barred by the delay is a question of fact that we determine by considering all the circumstances in each case. *Id*. at 22-23.

Respondent signed an order denying Bird's motion to dismiss on December 15, 2016. She signed the challenged temporary order on September 18, 2017. Bird filed his petition for writ of mandamus with this Court on October 23, 2018. Bird acknowledges the delay, but contends that it is justified for various reasons, including that (1) Respondent did not signed the temporary order until a year after the hearing thereon, (2) when Respondent signed the order, she backdated the child support and made financing a petition impossible, (3) because of the substitution of counsel, his attempts at bringing his concerns to Respondent's attention have been futile, and (4) upon hiring and on several occasions over the past two years, he asked his counsel to file a writ and when counsel eventually agreed to do so, the price exceeded what Bird could afford. Attached to his petition are emails between Bird and his counsel, in which the two discuss the possibility of seeking a writ of mandamus as early as September 2016, depending on Respondent's ruling on the motion to transfer and pending a signed temporary order. Emails further reflect that Bird inquired

about filing a mandamus petition in November 2017 and again in the spring of 2018. In November 2017, Bird's counsel advised against filing a petition for writ of mandamus as a waste of time and money. In March 2018, counsel again expressed reservations about the successfulness of filing a petition. On March 21, 2018, Bird's counsel filed a motion for preferential setting, which indicated that trial was previously scheduled for September 25, 2017 and May 15, 2018.

Accordingly, this is not a situation in which Bird fails to offer a reasonable explanation for his delay in filing a petition. Nor does the record reflect that Bird made no efforts to pursue a writ at an earlier date; rather, he regularly asked his counsel about filing a petition and was discouraged from doing so. And, although this Court requested a response from Ledesma, she did not file one. Thus, there is no allegation from Ledesma that she would be harmed if we addressed the merits of Bird's petition.

Most importantly, however, the child's best interest shall always be our primary consideration in determining issues of conservatorship, possession of, and access to the child. TEX. FAM. CODE ANN. § 153.002 (West 2014); *see **Messier v. Messier***, 389 S.W.3d 904, 907 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that best interests of child are paramount concern in custody cases). Courts regularly grant mandamus relief in the sensitive context of child custody proceedings because appeal is frequently inadequate to protect the rights of parents and children. ***Proffer v. Yates***, 734 S.W.2d 671, 673 (Tex. 1987); ***In re Reiter***, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). "Lawsuits involving child-custody determinations touch on parents' constitutional interests and important issues affecting children's welfare." ***Reiter***, 404 S.W.3d at 611.

Assuming that Respondent abused her discretion by denying the motion to transfer, a successful appeal after trial would force the child affected by the underlying proceeding to endure the delay of a second trial before parental rights and obligations could be established. *See **id**.; see also **Calderon***, 96 S.W.3d at 715 (noting, in mandamus proceeding challenging denial of motion to transfer, remedy by regular appeal, though available, is frequently inadequate to protect the rights of parents and children to trial in a particular venue); ***In re Sanchez***, 1 S.W.3d 912, 914 (Tex. App.—Waco 1999, orig. proceeding) ("[p]arents and children who have a right under the mandatory venue provisions in the Texas Family Code to venue in a particular county should not be forced to go through a trial in another county and appeal to correct that error"). Accordingly,

given the weight to which we must give the best interests of the child, we conclude that Bird's delay in seeking mandamus relief does not preclude review under the circumstances of this case.

**Motion to Transfer**

"If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b) (West Supp. 2018). "On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist." *Id*. § 155.204(d) (West Supp. 2018). "If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id*. § 155.204(c). "Transferring a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 155.201 of the Texas Family Code." *Calderon*, 96 S.W.3d at 715.

In this case, Bird was not the petitioner or movant in the initiation of modification proceedings; thus, he was required to file a motion to transfer on or before the first Monday after the 20th day after the day he was served with citation, received notice of suit, or before commencement of the hearing, whichever is sooner. *See* TEX. FAM. CODE ANN. § 155.204(b). The record before us does not indicate when Bird was served with citation or received notice of the suit, but Ledesma's supporting affidavit is dated August 9, 2016, Bird's motion for preferential setting indicates that the cause was filed on August 11, 2016, and Respondent's temporary restraining order is dated August 12, 2016, which set a hearing for August 18. Bird filed his motion to transfer on August 17, 2016. The proximity in time between the supporting affidavit, the temporary restraining order, and the motion to transfer leads us to conclude that Bird timely filed his motion. *See id*. §§ 155.204(b), 155.201(b).

In his motion to transfer, Bird alleged that the child had lived with him in Bell County for over six months and left Bell County in June 2016 for summer visitation with Ledesma. Thus, Bird asserted that venue was proper in Bell County and the proceeding should be transferred to that county. At the hearing in which she denied the motion, and in the order denying the motion,

Respondent did not express her reasons for doing so. The record does not indicate that Ledesma contested Bird's contention that the child lived in Bell County for six months or longer. In the affidavit supporting her petition to modify, Ledesma acknowledged that the child resided with Bird in Killeen, Texas for her fifth grade year of school during 2015 and 2016, and the child returned to Ledesma in June 2016.

Because no controverting affidavit was filed, Respondent had a ministerial duty to transfer the proceeding to Bell County. *See In re Yancey*, 550 S.W.3d 671, 676 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, Respondent abused her discretion by denying Bird's motion to transfer the case to Bell County. *See id*. Because we so hold, we need not address Bird's challenge to the temporary order signed on September 18, 2017. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Based upon our review of the record and the foregoing analysis, we conclude that Respondent abused her discretion by failing to grant Bird's motion to transfer venue to Bell County under Section 155.201(b) of the Texas Family Code. Accordingly, we ***conditionally grant*** Bird's petition for writ of mandamus. We direct Respondent to vacate her December 15, 2016, order denying Bird's motion to transfer, and in its stead, to issue an order transferring the case to Bell County. We trust Respondent will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within fifteen days of the date of the opinion and order***. The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.

Opinion delivered January 16, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**JANUARY 16, 2019**

**NO. 12-18-00291-CV**

**MICHAEL L. BIRD,**
Relator
V.

**HON. PAM FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael L. Bird; who is the relator in Cause No. 06D-050, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on October 23, 2018, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate her order of December 15, 2016, denying Bird's motion to transfer, and in its stead, to issue an order transferring the case to Bell County, Texas; the writ will not issue unless the **HONORABLE PAM FLETCHER** fails to comply with this Court's order within fifteen (15) days from the date of this order.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*