

# NUMBER 13-21-00259-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE M.R. AND R.R.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Hinojosa[1]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Relators M.R. and R.R.[2] filed a petition for writ of mandamus through which they assert that the trial court[3] erred by (1) refusing to grant a mandatory transfer of venue under the Texas Family Code and (2) issuing an order adjudicating paternity against R.R. *See* TEX. FAM. CODE ANN. § 155.201(b) (providing for a mandatory transfer of venue in a matter affecting the parent-child relationship "to another county in this state if the child has resided in the other county for six months or longer"); *id.* § 155.204(d) (stating in relevant part that "a party desiring to contest the motion [to transfer venue] must file a controverting affidavit denying that grounds for the transfer exist"). We conditionally grant the petition for writ of mandamus as to the transfer of venue and deny all other relief sought.

## I. BACKGROUND

In the underlying proceedings, after an evidentiary hearing, the trial court signed an "Order Adjudicating Parentage." The trial court's order stated that "admissible results of genetic testing exclude [R.R.] as the father of the child [I.R.]," and stated "that [R.R.] is not, and he is adjudicated not to be, the father of the child [I.R.]". On July 9, 2019, after a jury trial, the trial court signed a "Final Order in Suit Affecting the Parent-Child Relationship." Thereafter, on September 19, 2019, M.R. subsequently filed a "Petition to

---

[2] Relators titled this original proceeding as it was styled in the trial court; however, in original proceedings, we utilize a different procedure to determine the caption. *See* TEX. R. APP. P. 52.1 ("An original appellate proceeding seeking extraordinary relief—such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto—is commenced by filing a petition with the clerk of the appropriate appellate court. The petition must be captioned "In re [name of relator].""); *id.* R. 52.2 ("The party seeking the relief is the relator. In original proceedings other than habeas corpus, the person against whom relief is sought—whether a judge, court, tribunal, officer, or other person—is the respondent. A person whose interest would be directly affected by the relief sought is a real party in interest and a party to the case."). Given the nature of the case, we use pseudonyms for the parties. *See id.* R. 9.8.

[3] This original proceeding arises from trial court cause number S-17-5891-FL-C in the 343rd District Court of San Patricio County, Texas, and the respondent is the Honorable Janna Whatley. *See id.* R. 52.2.

Modify Parent-Child Relationship" and concomitantly filed a "Motion to Transfer," seeking to transfer venue of the suit from San Patricio County, Texas, to Nueces County, Texas, on grounds that I.R. had resided in Nueces County with her "primary caregivers," Jay Rivera and Marissa Rivera (the intervenors), since the minor child's placement with them in November 2017.

On January 30, 2020, more than six months later, the trial court held a non-evidentiary hearing on M.R.'s motion to transfer venue. M.R.'s counsel argued that neither the Texas Department of Family and Protective Services (the Department) nor the intervenors had filed any controverting affidavits to contest her motion to transfer venue, I.R. had resided in Nueces County for approximately twenty-six months, and the trial court was required to transfer venue to Nueces County without a hearing pursuant to Texas Family Code § 155.204. *See id.* § 155.204. After the trial court expressed doubt that "placement through [the Department] gives another court jurisdiction of the case," and concern that there were no foster homes in San Patricio County, counsel for the Department advised the court that "whether or not the mother's parental rights were terminated is not significant in this case." The Department's counsel further informed the court that the "focus is on where the child's placement is," the child's residence is in Nueces County "because the child has been placed in Nueces County for over two years," and "it is a ministerial duty to transfer the case to Nueces County." Counsel for intervenors opposed M.R.'s motion to transfer venue on grounds that "[t]here is a sharp distinction between . . . a suit brought by a governmental entity to terminate the parental rights and a standard SAPCR." At the conclusion of the hearing, the trial court requested the parties to provide briefing regarding whether the transfer of venue was mandatory when based

3

on a child's placement in a foster home, expressing concern that if so, there would not be any CPS cases in San Patricio or Bee Counties due to the lack of foster homes in those counties.

On March 2, 2020, the intervenors filed a brief opposing the mandatory transfer of venue. On April 16, 2020, the trial court signed an "Order Denying Motion to Transfer," which states, in relevant part, that the "requirement for a Court to continue to hold Permanency Hearings after Final Order is a specific requirement under the Family Code, which outweighs the general mandatory transfer language contained elsewhere in the Family Code."

This original proceeding ensued on August 17, 2021. In two issues, relators assert that the trial court erred by (1) failing to order the case to be transferred to Nueces County and (2) failing to provide a jury trial and follow "proper procedures" regarding the "termination" of R.R.'s parental rights. This Court requested and received responses to the petition for writ of mandamus from the Department and the intervenors. In its response, the Department agrees that the transfer of venue is mandatory but argues that relators had an adequate remedy by appeal to challenge the paternity order, and thus mandamus is improper as to the paternity issue. The intervenors assert that mandamus relief is altogether improper as to both issues. The relators have further provided the Court with a reply to the Department's response.

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148

S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### III.    ORDER ADJUDICATING PATERNITY

Taking relators' issues out of order, we first address relators' second issue asserting that the trial court abused its discretion by determining that R.R. was not I.R.'s biological father. It appears from the record that R.R. was dismissed from the underlying suit prior to the entry of final judgment, although the record before this Court fails to contain any of the relevant documentation. In any event, whether by order of dismissal or final judgment, R.R. had a right to appeal the trial court's determination regarding paternity but failed to do so. Because R.R. had a right to appeal, relators cannot meet their burden to obtain mandamus relief regarding the issue of paternity. *See In re USAA Gen. Indem. Co.*, 624 S.W.3d at 787; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker*, 827 S.W.2d at 839–40. Accordingly, we overrule relators' second issue. In so

doing, we express no opinion about the substantive merits of this issue or any related matters concerning R.R.'s relationship with I.R.

## IV.    DELAY

We next address the intervenors' argument that delay bars mandamus relief. Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding)). To invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting its rights and must also show the moving party's good faith and detrimental change in position because of the opposing party's delay. *In re Laibe*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *see also In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding [mand. denied]) (explaining that delay alone is insufficient to invoke laches; injury or prejudice must also be established). Whether mandamus is barred by delay is a question of fact that we determine by considering all the circumstances in each case. *In re Mabray*, 355 S.W.3d at 22–23.

Here, relators do not discuss or explain the interim between the trial court's order denying the transfer of venue and the inception of this original proceeding; however, their counsel does note that she is appearing in this matter as the fifth attorney for M.R. and the second attorney for R.R. In their response to the petition for writ of mandamus, the

intervenors do not argue or make any showing that they were harmed by the delay in filing the petition for writ of mandamus, or that they otherwise suffered any detrimental change in position due to the delay. The issue presented here, the mandatory transfer of venue, concerns a ministerial duty imposed by statute, which makes a laches-type bar less of a concern. *Cf. Walker*, 827 S.W.2d at 840 (stating that a trial court has no discretion in determining what the law is or applying the law to the facts); *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 748 (Tex. App.—Dallas 2012, no pet.) (applying the abuse of discretion standard to the trial court's laches determination but noting that a trial court has no discretion in determining what the law is or applying the law to the facts); *see also In re R.H.*, No. 02-20-00342-CV, 2020 WL 7776794, at *2 (Tex. App.—Fort Worth Dec. 31, 2020, orig. proceeding) (mem. op.). Insofar as the subject matter of the underlying proceedings involves parental rights and child custody issues, and implicates a child's best interests, justice would demand a speedy resolution of this matter which would not be served by applying a laches analysis and waiting to determine the merits until final judgment. *See In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding); *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam); *see generally* TEX. FAM. CODE ANN. § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."). We further note that a significant portion of the underlying proceedings have occurred during the COVID-19 State of Disaster, in which requests for relief from deadlines for appellate proceedings should be generously granted. *See*, *e.g.*, *Eighth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 844, 844 (Tex. 2020) (order).

Based on the foregoing, we reject the intervenors' argument that the petition for writ of mandamus should be denied based on delay. *See*, *e.g.*, *In re Roxsane R.*, 249 S.W.3d 764, 771 (Tex. App.—Fort Worth 2008, orig. proceeding) (concluding that a petition for writ of mandamus seeking to compel the trial court to dismiss a plea in intervention filed by foster parents was not barred by a two-and-one-half year delay); *see also In re Bird*, No. 12-18-00291-CV, 2019 WL 210829, at *3 (Tex. App.—Tyler Jan. 16, 2019, orig. proceeding) (mem. op., per curiam) (considering the child's best interests in concluding that a delay of more than a year did not bar mandamus relief regarding the denial of a motion to transfer venue). Accordingly, we proceed to address the merits of relators' sole remaining issue regarding venue.

## V. MANDATORY VENUE

Relators contend that the trial court abused its discretion by failing to transfer venue from San Patricio County to Nueces County based on a mandatory venue provision in the Texas Family Code. As stated previously, the Department agrees that the trial court should have granted the motion to transfer venue, but the intervenors argue otherwise.

### A. Abuse of Discretion

Section 155.201(b) of the family code provides that, if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit and a party files a timely motion to transfer, the court "shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b); *see In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding). "The plain language of [§] 155.201(b) demonstrates the legislature's desire that matters

8

affecting the parent-child relationship be heard in the county of the child's residence." *In re Yancey*, 550 S.W.3d 671, 675 (Tex. App.—Tyler 2017, orig. proceeding); *see Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding) (explaining that it is easier to prove the current circumstances affecting children in their county of residence).

Under the statutory scheme, a motion to transfer venue by a petitioner or movant is timely "if it is made at the time the initial pleadings are filed." TEX. FAM. CODE ANN. § 155.204(b). A party who contests the transfer must file "a controverting affidavit denying that grounds for the transfer exist" on or before "the first Monday after the 20th day after the date of notice of a motion to transfer is served." *Id.* § 155.204(d). If a qualifying controverting affidavit is timely filed, each party is entitled to notice not less than ten days before the hearing date on the transfer motion. *Id.* § 155.204(e). At the hearing, "[o]nly evidence pertaining to the transfer may be taken." *Id*. § 155.204(f). If, on the other hand, no controverting affidavit is filed within the period allowed for its filing, "the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id*. § 155.204(c). This provision is mandatory. *See Proffer*, 734 S.W.2d at 673; *In re Venegas*, 595 S.W.3d at 344; *In re Yancey*, 550 S.W.3d at 674; *Silverman v. Johnson*, 317 S.W.3d 846, 849 (Tex. App.—Austin 2010, no pet.).

If transferred, the transferee court becomes the court of continuing, exclusive jurisdiction, and all proceedings continue as if brought there originally. TEX. FAM. CODE ANN. § 155.206(a). The transferee court acquires the power to enforce previous orders entered by the transferor court, including disobedience of the transferring court's order that occurred before or after the transfer. *Id*. § 155.206(c). "After the transfer, the

9

transferring court does not retain jurisdiction of the child who is subject of the suit, nor does it have jurisdiction to enforce its order for a violation occurring before or after the transfer of jurisdiction." *Id.* § 155.206(d).

M.R. and R.R. assert that the trial court abused its discretion by failing to order venue transferred to Nueces County, Texas in the absence of a controverting affidavit regarding venue. *See id*. § 155.204(b). Neither the intervenors nor any other party filed a controverting affidavit, timely or otherwise. Therefore, based on the statutory directive, the trial court had a mandatory duty to transfer the case to the proper court without holding a hearing. *See* TEX. FAM. CODE ANN. § 155.201(b); *id.* § 155.204(c); *In re Venegas*, 595 S.W.3d at 346; *In re Yancey*, 550 S.W.3d at 675–76; *In re Lawson*, 357 S.W.3d 134, 135–36 (Tex. App.—San Antonio 2011, orig. proceeding); *In re Leyva*, 333 S.W.3d 315, 318 (Tex. App.—San Antonio 2010, orig. proceeding); *see also In re B.E.*, No. 13-20-00234-CV, 2020 WL 4218796, at *4 (Tex. App.—Corpus Christi–Edinburg July 22, 2020, orig. proceeding) (mem. op.) (stating that a trial court has a statutory, ministerial duty to promptly transfer the suit without a hearing once all requirements of the mandatory-venue-transfer statute are met); *In re L.C.R.*, No. 01-19-00667-CV, 2020 WL 3456595, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2020, no pet.) (mem. op.) (same).

As stated previously, the intervenors contend that the trial court did not abuse its discretion in failing to transfer venue because the mandatory venue provision in Chapter 155 is not applicable to a Chapter 262 case. In this regard, they assert that "the legislature never intended for issues that are allocated to placement review hearings under Chapter 263 to be subject to mandatory transfer of venue 'due to the ongoing supervision

10

requirements of Chapter 263.'"[4] The intervenors offer argument, but no authority, in support of this proposition.

Chapter 262 of the Texas Family Code governs procedures in suits by governmental entities instituted to protect the health and safety of a child. *See* TEX. FAM. CODE ANN. §§ 262.001–.417. Chapter 263 governs the review of placement of children under the care of the Department and provides for multiple layers of court oversight. *See id.* §§ 263.001–.608. Contrary to the intervenor's assertions, Chapter 262 envisions the application of provisions from Chapter 155 and the transfer of a case filed under its auspices. *See In re D.W.*, 533 S.W.3d 460, 465–67 (Tex. App.—Texarkana 2017, pet. denied). Specifically, for instance, § 262.203 governs the transfer of a suit and provides, in relevant part, as follows:

> (a)  On the motion of a party or the court's own motion, if applicable, the court that rendered the temporary order shall in accordance with procedures provided by Chapter 155:
>
> > (1)  transfer the suit to the court of continuing, exclusive jurisdiction, if any, within the time required by Section 155.207(a), if the court finds that the transfer is:
> >
> > > (A)  necessary for the convenience of the parties; and
> > >
> > > (B)  in the best interest of the child;
> >
> > (2)  order transfer of the suit from the court of continuing, exclusive jurisdiction; or

---

[4] The intervenors also assert that (1) M.R.'s petition to modify the parent child-relationship was defective because it was "filed without any showing that the circumstance of the child, a conservator, or other party affected by the order had materially and substantially changed since the date of the rendition of the order" and was "filed solely in an attempt to shop venue"; (2) M.R. failed to give proper notice to all parties of her petition and motion to transfer because she failed to serve the potential fathers; and (3) M.R.'s petition to modify "does not seek to modify the Final Order, but instead seeks modifications to the visitation plan and is therefore an issue for mandatory hearings under Chapter 262 and not an issue for modification." However, the trial court's order denying M.R.'s request for a mandatory venue transfer is not based on these arguments, and the intervenors do not support their contentions that these matters affect the application of the mandatory statute with authority or record citations. Accordingly, we do not and need not further address these contentions here.

> (3)    if grounds exist for transfer based on improper venue, order transfer of the suit to the court having venue of the suit under Chapter 103.
>
> (b)    Notwithstanding Section 155.204, a motion to transfer relating to a suit filed under this chapter may be filed separately from the petition and is timely if filed while the case is pending.

TEX. FAM. CODE ANN. § 262.203; *see also id.* § 262.202 ("If at the conclusion of the full adversary hearing the court renders a temporary order, the governmental entity shall request identification of a court of continuing exclusive jurisdiction as provided by Chapter 155."); *id.* § 262.201(e–1) (allowing postponement of an adversary proceeding "subject to the limits and requirements prescribed by . . . [§] 155.207). Thus, the mandatory venue provision in § 155.204(c) applies to cases arising under Chapter 262. *See In re D.W.,* 533 S.W.3d at 467 (discussing the interaction between Chapters 262 and 155 and affirming a mandatory transfer of venue in the absence of controverting affidavits); *see also In re D.T.,* 625 S.W.3d 62, 67 n.2 (Tex. 2021) (referencing a venue transfer based on the residence of the child in a case arising under TEX. FAM. CODE ANN. § 155.201(b) and § 262.203(a)(2)).

Because M.R. filed a motion to transfer venue based on the residence of the minor child, and because neither the Department nor the intervenors filed controverting affidavits, we conclude that the trial court had a ministerial duty to transfer the case from San Patricio County to Nueces County without a hearing. *See Proffer*, 734 S.W.2d at 673; *In re Venegas*, 595 S.W.3d at 344; *In re Yancey*, 550 S.W.3d at 674; *Silverman*, 317 S.W.3d at 849.

12

**B.     Adequacy of a Remedy by Appeal**

We next address whether relators have an adequate remedy by appeal to address this error. Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *See Proffer*, 734 S.W.2d at 673; *Cassidy*, 568 S.W.2d at 847; *In re Venegas*, 595 S.W.3d at 344; *In re Yancey*, 550 S.W.3d at 674; *In re Thompson*, 434 S.W.3d 624, 628 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re Lawson*, 357 S.W.3d at 135–36. In such cases, remedy by direct appeal is inadequate because parents and children who have a right to mandatory venue "should not be forced to go through a trial that is for naught" and because "[j]ustice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see In re Lawson*, 357 S.W.3d at 136; *see also* TEX. FAM. CODE ANN. § 155.204(h) (providing that an order transferring or refusing to transfer venue "is not subject to interlocutory appeal"). Thus, relators lack an adequate remedy by appeal to address the trial court's error.

**C.     Summary**

The trial court abused its discretion in refusing to transfer venue, and relators lack an adequate remedy by appeal. *See Proffer*, 734 S.W.2d at 673; *In re Venegas*, 595 S.W.3d at 344; *In re Yancey*, 550 S.W.3d at 674; *Silverman*, 317 S.W.3d at 849. Accordingly, we sustain relators' first issue pertaining to venue.

**VI.     CONCLUSION**

The Court, having examined and fully considered the petition for writ of mandamus, the responses, and the applicable law, is of the opinion that relators have met their burden

to obtain relief, in part, as to the mandatory transfer of venue. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying M.R.'s motion to transfer venue and to transfer the case to Nueces County. Our writ will issue only if the trial court fails to promptly comply. We deny all other relief sought in this original proceeding.

LETICIA HINOJOSA
Justice

Delivered and filed on the
1st day of October, 2021.