

# NUMBER 13-21-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JESSICA AVALOS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Chief Justice Contreras[1]**

In this original proceeding, relator Jessica Avalos asserts that the trial court abused

its discretion by refusing to grant a mandatory transfer of venue under the Texas Family

Code as to both of the minor children at issue in the underlying suit for modification of the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

parent-child relationship.[2] *See* TEX. FAM. CODE ANN. § 155.201(b) (providing for a mandatory transfer of venue in a matter affecting the parent-child relationship "to another county in this state if the child has resided in the other county for six months or longer"); *id.* § 155.204(d) (stating in relevant part that "a party desiring to contest the motion [to transfer venue] must file a controverting affidavit denying that grounds for the transfer exist"). We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On January 15, 2021, in San Patricio County, relator filed a "Petition to Modify Parent-Child Relationship and Motion to Transfer Venue." Relator stated that she and the real party in interest, Dario Gilberto Encinia, were divorced on September 15, 2017, and they had two minor children, twins D1 and D2,[3] who were born on February 3, 2009. In addition to other relief, relator requested that child support payments for the children be continued for "an indefinite period" after the children's eighteenth birthday on grounds that the children "require substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support." As "Grounds for Transfer," relator alleged that "[t]he principal residence of the children is in NUECES County, Texas, and [it] has been in that county during the six-month period preceding the commencement of this suit." She alleged that venue was thus proper in Nueces County and requested that the trial court transfer venue accordingly.

---

[2] This original proceeding arises from trial court cause number S-17-5235FL-A in the 36th District Court of San Patricio County, Texas, and the respondent is the Honorable Starr Boldrick Bauer. *See id.* R. 52.2.

[3] Given the nature of the case, we use pseudonyms for the minor children. *See id.* R. 9.8.

Encinia filed a "[Counterpetition] to Modify Parent-Child Relationship." He alleged, in part, that the circumstances of the children had changed since the divorce decree was entered; requested that he be appointed as the person with the right to designate the primary residence of the children; and contended that relator "ha[d] engaged in a history or pattern of child neglect." Encinia asserted that relator "has voluntarily relinquished the actual care, control, and possession of the children," and that he "has had physical possession of the children for at least six months." Encinia countered relator's request for an increase in child support with a request to decrease the amount of child support previously ordered. He supported his counterpetition with a "Supporting Affidavit" which stated:

> I am the Petitioner in this case.
>
> My ex-wife, [relator], and I have twin boys who are both mentally disabled. [D1] is also blind, incapable of walking and severely autistic. He also needs constant nursing and is fed through a feeding tube.
>
> On many occasions I have picked up my children from their mother only [to] find their hygiene to be terrible. Her home is extremely filthy, and [D1] often has ant bites from sleeping on the floor.
>
> In December, my ex-wife left our boys alone for five hours to get her hair done. I called CPS and filed a report.
>
> On August 10, 2020, Jessica called me to tell me she could no longer care for [D2]. She voluntarily relinquished her rights and asked that I pick up my son. [D2] remained with me [until] January 6, 2021[,] when she took him without warning.
>
> I believe my children's physical and emotional development are being significantly impaired by being with their mother at this time. I am asking the Court to please help me protect my children's safety and well-being and set this matter for an emergency hearing.

3

Encinia did not file a response to relator's motion to transfer venue and did not otherwise file an affidavit controverting relator's venue allegations. Subsequently, on October 19, 2021, the trial court signed an order entitled "ORDER [OF] PARTITION TRANSFERRING [D1] TO NUECES COUNTY." The order provides, in its entirety:

> The Court, after considering the pleadings, finds that no controverting affidavit has been filed and that the Motion to Transfer filed by [relator] should be granted as to [D1] to Nueces County.
>
> IT IS THEREFORE ORDERED that [D1] is transferred to Nueces County, Texas. On receipt of the pleadings, documents, and orders from this Court, the district clerk in that county is ORDERED to file and docket the suit in the appropriate court under the same procedures as those used for filing an original action. The district clerk shall notify the judge of the transferee court, all parties, the clerk of this Court, and the state disbursement unit that the suit has been docketed.
>
> The clerk of this Court is ordered to transmit, not later than the tenth working day after the date this order is signed, in accordance with the provisions of the Texas Family Code, the following documents:
>
> 1. The pleadings in the pending proceeding.
>
> 2. A certified copy of all entries in the minutes.
>
> 3. A certified copy of each final order.
>
> 4. A certified copy of this order signed by this Court.
>
> The clerk of this Court is ordered to keep the original of the transferred pleadings and documents.
>
> IT IS FURTHER ORDERED that [D2's] file shall remain in San Patricio County under this original cause number.
>
> The clerk of this Court is ordered to send a certified copy of this order to [relator], [Encinia], and to the state disbursement unit.
>
> All costs, including certified or other copying expenses and postage, are taxed against [relator], for which let execution issue.

4

Thus, the trial court granted relator's motion to transfer venue to Nueces County as to twin D1 but retained venue in San Patricio County as to twin D2.

This original proceeding ensued. By one issue, relator asserts that the trial court abused its discretion by requiring her to set a hearing on the motion to transfer venue and failing to grant the motion to transfer venue as to D2 when Encinia failed to file a controverting affidavit.

This Court requested and received a response to the petition for writ of mandamus from Encinia. Encinia asserts that he filed a controverting affidavit regarding venue. He further contends that relator did not file the reporter's record of the trial court's proceedings, and if relator had done so, the reporter's record would show that the trial court did not abuse its discretion in transferring venue as to D1 but not D2. According to Encinia, the trial court held an evidentiary hearing on venue in which he and relator both testified, and the evidence supports the trial court's venue ruling.

## II.   STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig.

5

proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam); *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding); *In re Yancey*, 550 S.W.3d 671, 674 (Tex. App.—Tyler 2017, orig. proceeding); *see Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding); *In re Lawson*, 357 S.W.3d 134, 135–36 (Tex. App.—San Antonio 2011, orig. proceeding). In such cases, remedy by direct appeal is inadequate because parents and children who have a right to mandatory venue "should not be forced to go through a trial that is for naught" and because "[j]ustice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see In re Lawson*, 357 S.W.3d at 136; *see also* TEX. FAM. CODE ANN. § 155.204(h) (providing that an order transferring or refusing to transfer venue "is not subject to interlocutory appeal").

### III.   MANDATORY VENUE

Relator contends that the trial court abused its discretion by failing to transfer venue for both children from San Patricio County to Nueces County based on a

6

mandatory venue provision in the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201(b).

## A.    Applicable Law

Section 155.201(b) of the family code provides that, if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit and a party files a timely motion to transfer, the court "shall, within the time required by [§] 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." *Id.; see In re Venegas*, 595 S.W.3d at 344. "The plain language of [§] 155.201(b) demonstrates the legislature's desire that matters affecting the parent-child relationship be heard in the county of the child's residence." *In re Yancey*, 550 S.W.3d at 675; *see Cassidy*, 568 S.W.2d at 847 (explaining that it is easier to prove the current circumstances affecting children in their county of residence).

Under the statutory scheme, a motion to transfer venue by a petitioner or movant is timely "if it is made at the time the initial pleadings are filed." TEX. FAM. CODE ANN. § 155.204(b). A party who contests the transfer must file "a controverting affidavit denying that grounds for the transfer exist" on or before "the first Monday after the 20th day after the date of notice of a motion to transfer is served." *Id.* § 155.204(d). If a qualifying controverting affidavit is timely filed, each party is entitled to notice not less than ten days before the hearing date on the transfer motion. *Id.* § 155.204(e). At the hearing, "[o]nly evidence pertaining to the transfer may be taken." *Id*. § 155.204(f). If, on the other hand, no controverting affidavit is filed within the period allowed for its filing, "the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.*

§ 155.204(c). This provision is mandatory. *See Proffer*, 734 S.W.2d at 673; *In re Venegas*, 595 S.W.3d at 344; *In re Yancey*, 550 S.W.3d at 674; *Silverman v. Johnson*, 317 S.W.3d 846, 849 (Tex. App.—Austin 2010, no pet.); *see also In re M.R.*, No. 13-21-00259-CV, 2021 WL 4502649, at *4 (Tex. App.—Corpus Christi–Edinburg Oct. 1, 2021, orig. proceeding) (mem. op.).

If the case is transferred, the transferee court becomes the court of continuing, exclusive jurisdiction, and all proceedings continue as if brought there originally. TEX. FAM. CODE ANN. § 155.206(a). The transferee court acquires the power to enforce previous orders entered by the transferor court, including disobedience of the transferor court's order that occurred before or after the transfer. *Id.* § 155.206(c). "After the transfer, the transferring court does not retain jurisdiction of the child who is subject of the suit, nor does it have jurisdiction to enforce its order for a violation occurring before or after the transfer of jurisdiction." *Id.* § 155.206(d).

## B.    Analysis

Relator asserts that the trial court abused its discretion by failing to order venue as to D2 transferred to Nueces County, Texas in the absence of a controverting affidavit regarding venue. *See id.* § 155.204(b). The trial court's order transferring venue as to D1, but not as to D2, expressly states that "no controverting affidavit has been filed." In contrast, Encinia asserts that he "had in fact filed an affidavit that controverted [relator's] claim that the children lived with her in Nueces County," and points to the affidavit that he filed in support of his counterpetition.

Section 155.204 provides that a party who wishes to contest a motion to transfer venue "must file a controverting affidavit denying that grounds for the transfer exist." *Id.*

8

§ 155.204(d). Thus, we examine Encinia's affidavit that he filed in support of his counterpetition to determine if it constitutes "a controverting affidavit" regarding venue under the statutory scheme. *See id.* In order to meet this standard, we examine the affidavit to determine if it denies that grounds for transfer exist. *See Martinez v. Flores*, 820 S.W.2d 937, 939–41 (Tex. App.—Corpus Christi–Edinburg 1991, orig. proceeding) (concluding that the movant's allegations regarding venue were "effectively uncontroverted" by the controverting affidavit); *In re T.H.*, No. 02-21-00263-CV, 2021 WL 4898776, at *5, __ S.W.3d __, __ (Tex. App.—Fort Worth Oct. 21, 2021, orig. proceeding) (referring to the statutory requirement for a "qualifying controverting affidavit"); *see also In re L.C.R.*, No. 01-19-00667-CV, 2020 WL 3456595, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2020, no pet.) (mem. op.) ("[A]n affidavit that fails to deny venue facts is not a controverting affidavit under [§] 155.204(d)."); *In re Whitworth*, No. 05-19-00677-CV, 2019 WL 2710747, at *1 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.) ("When a controverting affidavit is filed but the affidavit fails to deny that grounds for transfer exist, the allegations in the motion to transfer are effectively uncontroverted.").

Encinia's affidavit does not deny relator's alleged venue facts, does not deny that grounds for transfer exist, and does not otherwise reference venue. *See* TEX. FAM. CODE ANN. § 155.204(d). The only statements in Encinia's affidavit which conceivably pertain to venue are his statements that relator called him on August 10, 2020, asked him to pick up D2, and that D2 "remained with [Encinia] until January 6, 2021." However, Encinia's affidavit does not provide the location of his residence or identify the location of his residence in any specific county. Based on the foregoing, we conclude that relator's venue facts were "effectively uncontroverted" by Encinia's affidavit. *See Martinez*, 820

9

S.W.2d at 939–41; *In re T.H.*, 2021 WL 4898776, at *5, __ S.W.3d at __; *see also In re L.C.R.*, 2020 WL 3456595, at *4; *In re Whitworth*, 2019 WL 2710747, at *1.

In the absence of a controverting affidavit denying that grounds for the transfer exist, the trial court had a mandatory duty to transfer D2's case to the proper court without holding a hearing. *See* Tex. Fam. Code Ann. § 155.201(b); *id.* § 155.204(c); *In re Venegas*, 595 S.W.3d at 346; *In re Yancey*, 550 S.W.3d at 675–76; *In re Lawson*, 357 S.W.3d at 135–36; *In re Leyva*, 333 S.W.3d 315, 318 (Tex. App.—San Antonio 2010, orig. proceeding); *see also In re M.R.*, 2021 WL 4502649, at *4; *In re B.E.*, No. 13-20-00234-CV, 2020 WL 4218796, at *4 (Tex. App.—Corpus Christi–Edinburg July 22, 2020, orig. proceeding) (mem. op.); *In re L.C.R.*, 2020 WL 3456595, at *4.

## C. Burden to Obtain Relief

In his response to the petition for writ of mandamus, Encinia asserts that relator failed to provide the reporter's record of the trial court proceedings, and if she had, "it would be clear" that the trial court did not abuse its discretion in transferring venue as to only one of the children. Encinia further argues that this Court should "order" relator to file the reporter's record before considering the merits of relator's petition for writ of mandamus. We disagree.

It is a fundamental tenet of mandamus practice that the relator has the burden to provide the court with a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Malooly*, 587 S.W.3d 844, 846 (Tex. App.—El Paso 2019, orig. proceeding); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The relator must provide a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was

10

filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter . . . ." TEX. R. APP. P. 52.7(a); *see In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.— Houston [1st Dist.] 2006, orig. proceeding).

However, under the specific circumstances presented in this case, relator did not err in failing to file a reporter's record regarding the venue hearing because the family code required the trial court to transfer venue to the proper court "without a hearing" in the absence of a controverting affidavit. *See* TEX. FAM. CODE ANN. § 155.204(c). Because the family code does not allow a hearing under the facts shown here, a reporter's record would not contain any relevant testimony. *See* TEX. R. APP. P. 52.7(a); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d at 314. Thus, relator did not fail in her burden to provide a mandamus record sufficient to obtain relief.

## D.    Summary

The trial court abused its discretion in refusing to transfer venue as to both children, and relator lacks an adequate remedy by appeal. *See Proffer*, 734 S.W.2d at 673; *In re Venegas*, 595 S.W.3d at 344; *In re Yancey*, 550 S.W.3d at 674; *Silverman*, 317 S.W.3d at 849. Accordingly, we sustain relator's sole issue.

## IV.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relator has met her burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its October 19, 2021 order, in part, insofar as it ordered D2's

11

file to remain in San Patricio County, and to issue an appropriate order transferring venue as to D2 to Nueces County, Texas. Our writ will issue only if the trial court fails to promptly comply.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
5th day of November, 2021.